1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DENNIS P. BOWLING,

                                        Petitioner,

        vs.

ROBERT J. HERNANDEZ,

                                        Respondent.

CASE NO. 06 cv 2477 H

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING RESPONDENT'S MOTION TO DISMISS**

        Dennis P. Bowling filed a pro se Petition for Writ of Habeas Corpus on November 9, 2006 under 28 U.S.C. §2254. He alleges that the denial of parole at his twelfth[1] hearing deprived Petitioner of due process and equal protection of the law. (Petition, at 6.) Respondent filed a motion to dismiss alleging the Petition was untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d), and did not allege a federal question. (Document 10-2, at 3-4.) Petitioner filed a response on March 13, 2007. (Document 14-2, at 6.)

        The Magistrate Judge issued a Report and Recommendation to deny the motion. (Civ. No. 06 CV 2477.) The deadline for objections was June 11, 2007, and as of the date of this order Respondent has not filed any objections. This Court adopts the Report and Recommendation and denies Respondent's motion to dismiss Petitioner's claim. ////

---

[1] Petitioner claims to challenge his thirteenth parole hearing, but the chronological history from the California Department of Corrections (Document 10-2, at 12-15) shows that the December 22, 2004 hearing was Bowling's twelfth, not thirteenth, hearing.

**Procedural History**

A San Diego County jury found Petitioner guilty of first degree murder in 1977. (Doc. 10-2, at 7.) He received a life prison sentence. (Id., 10.) Petitioner appealed his conviction and simultaneously filed a habeas petition challenging his sentence. This Court denied that petition on May 26, 2004.[2] Petitioner now challenges his 2004 denial of parole in a Petition for Writ of Habeas Corpus filed on November 9, 2006.[3] (Pet'r's Mem. of P.&A., at 16.)

Petitioner's first denial of parole came on December 14, 1982, his second on February 2, 1984, and his twelfth on December 22, 2004. (Document 10-2, at 12-15.) Bowling filed a habeas petition in Superior Court on April 24, 2005 challenging the Board's action at the 2004 hearing. (Document 10-3, at 2, 56.) The Superior Court denied it on June 29, 2005. (Document 10-4, at 2-4.) Petitioner filed a notice of appeal on August 10, 2005. (Id., at 7, 18.) The Court of Appeal denied the petition on September 20, 2005. (Id., at 50.) Petitioner filed a petition for review in the California Supreme Court (Document 10-5, at 2, 40), which it denied on September 13, 2006 (Id., at 46).   Bowling filed a Petition for Writ of Habeas Corpus with this Court on November 9, 2006. (Petition, at 8.)

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." (28. U.S.C. §636(b)(1).) The Court reviews de novo the Magistrate Judge's conclusions of law. Britt v. Simi Valley Unified School District, 708 F.2d 452, 454 (9th Cir. 1983), overruled on other grounds by United States v. Reyna-Tapia, 328 F.3d 1114, 1121-1122 (9th Cir. 2003). This Court may dismiss a petition for Writ of Habeas Corpus "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

---

[2] See Case No. 03 cv 332 IEG (NLS). Bowling alleged his sentence violated the Ex Post Facto Clause and his Eighth and Fourteenth Amendment rights.

[3] The date filed is the date on which Petitioner signed the Petition, and delivered it to prison officers, under Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

relief…" <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 (2nd Cir. 1983). Petitioners pro se have a general lack of experience, so "courts should review habeas petitions [in these cases] with a lenient eye, allowing borderline cases to proceed." <u>Id.</u>

**Timeliness**

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets a one-year statute of limitations for non-capital habeas claims originating from state court proceedings.

> "A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2244(d)(1).

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

The date of a factual predicate is when Petitioner could have learned of the factual basis for his claims through the exercise of due diligence. <u>Redd v. McGrath</u>, 343 F.3d 1077, 1082 (9th Cir. 2003). Petitioner argues in his reply brief that "this case arises as a challenge to the denial of Petitioner's parole for the 13th time [in 2004]." (Document 14-2, at 1). Likewise, the Report and Recommendation to deny Respondent's motion to dismiss "does not construe the Petition as challenging the second parole hearing" and finds that "Petitioner's argument that the Board exceeded its authority after the first parole hearing can be taken to mean that it exceeded its

1    authority at any of the subsequent hearings, not only at the second hearing." (Report

2    and Recommendation, at 3-4).

3         Petitioner's due process and equal protection claims that the Board improperly

4    denied parole at his twelfth hearing are timely.[4] The factual predicate for these claims

5    formed as early as the Board's denial of parole on December 22, 2004. Petitioner

6    contends the Board's decision became final on April 20, 2005, and that he was unsure

7    of the denial until then. (Document 14-2, at 4.) In any case, Bowling filed a habeas

8    petition on April 24, 2005 challenging the Board's action in the Superior Court, well

9    within five months of the establishment of the factual predicate for his

10   claims.(Document 10-3, at 2, 56.) The time during which a petition for habeas corpus

11   is pending in state court does not count toward the statute of limitations under AEDPA.

12   28 U.S.C. §2244(d)(2); Redd, 343 F.3d at 1083. Petitioner did not exhaust alternatives

13   in the California courts until the California Supreme Court denied his petition on

14   September 13, 2006. (Document 10-5, at 46.) Under Rule 24 of the California Rules of

15   Court, renumbered 8.264 in 2007, a decision of the Supreme Court is not final until 30

16   days after filing "and therefore is subject to further action during that time." Bunney v.

17   Mitchell, 262 F.3d 973, 974 (9th Cir. 2001). Consequently, the limitations period

18   resumed on October 14, 2006. Petitioner filed for habeas relief in this Court on

19   November 9, 2006. (Petition, at 8.) Therefore, Petitioner filed for habeas relief in this

20   Court within approximately five months of the establishment of the factual predicate

21   of his claim, meeting the one-year requirement of 28 U.S.C. §2244(d)(1)(D).

22   Petitioner's due process and equal protection claims as to the Board's denial of parole

23   at Petitioner's 2004 hearing are therefore timely.

24   / / / /

25   / / / /

26   / / / /

27

28        [4] To the extent Petitioner challenges the Board's actions at the 1984 hearing, his challenge is untimely under 28 U.S.C. §2244(d)(1)(D).

**Federal Claims**

Petitioner's due process and equal protection claims as to the denial of parole at his twelfth hearing are timely. Therefore, this Court must determine whether these claims allege a federal question.

Petitioner must allege a violation of the United States Constitution or a violation of controlling precedent to win habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Respondent alleges Petitioner argues the Board misinterpreted California Penal Code section 3041(b), which is not a federal question upon which this Court may grant habeas relief. (Document 10-2, at 4.) It is well settled that habeas relief is unavailable for allegations of state law violations. 28 U.S.C. §2254(a); Engle v. Isaac, 456 U.S. 107, 119 (1982).

Petitioner's due process and equal protection claims concerning the denial of parole at his twelfth hearing are proper before this Court. Estelle, 502 U.S. at 67-68; Rose v. Hodges, 423 U.S. 19, 21 (1975).

**CONCLUSION**

For the above stated reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Respondent's motion to dismiss Petitioner's due process and equal protection claims that the Board improperly denied parole at Petitioner's twelfth hearing in 2004. Accordingly, Respondent shall file an answer to the Petition by July 31, 2007. Petitioner shall file any traverse by August 31, 2007.

IT IS SO ORDERED

Dated:  June 26, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

** Magistrate Judge Nita L. Stormes

06 cv 2477 H

1   Dennis P. Bowling
2   B-82068 Fl-5-227 U
    P.O. Box 799001
3   San Diego, CA 92179-9001

4
5   Kim Aarons
    Deputy Attorney General
6   State of California
7   110 West A Street, Suite 1100
    San Diego, CA 92101
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06 cv 2477 H